UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minnwest Bank, M.V.,            Civil No. 10-817 (JNE/FLN)

    Plaintiff,

    v.                                    **REPORT AND RECOMMENDATION**

Chicago Title Ins. Co.,

    Defendant.

_____

Frederick A. Dudderar for Plaintiff.
Jeffrey R. Ansel for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 28, 2010 on the Defendant's Motion to Dismiss [#3] and Plaintiff's Motion for Partial Summary Judgment [#7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the Defendant's motion be granted, and that the Plaintiff's motion be denied.

## I. BACKGROUND

This case arises out of a dispute over a title insurance policy that Defendant Chicago Title Insurance Co. ("Chicago Title") issued to Plaintiff Minnwest Bank, M.V. ("Minnwest") in connection with an approximately $12 million mortgage loan. Minnwest provided this sum to finance the construction of a mixed-use development in Elk River, Minnesota. (Compl. ¶¶ 1-3.) Minnwest recorded its mortgage on April 5, 2006. (Compl. ¶ 4.) On the same day, Minnwest

1

procured a title insurance policy from Chicago Title to insure against, among other things, liens and unmarketability of title with respect to the Elk River property. (Compl. Ex. A (the "Loan Policy").)

Subsequently, in February 2008, Minnwest was made a defendant in a Minnesota state court action in Sherburne County. (Compl. ¶ 6 (referencing *Vogt Heating, Air Conditioning & Plumbing, LLC, et al. v. Minnwest Bank, M.V., et al.*, No. 71-CV-08-284 (Minn. Dist.Ct., 10th Dist., Jan. 13, 2010) (Yunker, J.).) The Plaintiffs in the Sherburne County litigation asserted mechanics liens against the Elk River property at issue, alleging that the mechanics' liens were superior to Minnwest's mortgage. *Id.* Pursuant to the Loan Policy, Minnwest timely gave notice of the mechanics' lien litigation to Chicago Title, and requested that Chicago Title both defend and indemnify Minnwest. (Compl. ¶ 7.)

Chicago Title agreed to defend Minnwest in Sherburne County, and hired the law firm of Morrison, Fenske and Sund to represent Minnwest. (Compl. ¶ at 8; Finnern Decl. Ex. B; Def. Mem. Supp. 5.) However, Chicago Title also issued a "reservation of rights" letter to Minnwest, citing certain provisions of the Loan Policy in refusing to provide indemnification to Minnwest for losses related to the mechanics' lien litigation. Chicago Title has neither denied Minnwest's claim for indemnification, nor paid it. In the interim, Judge Mary A. Yunker of the Tenth Judicial District issued a January 13, 2010 Order ruling that the mechanics' liens are indeed superior to Minnwest's mortgage and staying remaining claims in the litigation. (Finnern Decl. Ex. G.) No date has been set for trial on the remaining claims. (Finnern Decl. ¶ 10.)

Count One of Minnwest's Complaint asks the court for declaratory relief in the form of a Court order finding that Chicago Title is obligated by the Loan Policy to indemnify Minnwest

for loss sustained by Minnwest arising from the assertion and/or enforcement of the mechanics' lien claims. (Compl. ¶ 15.) Count Two of Minnwest's Complaint is a breach of contract claim for failure to defend and for failure indemnify Minnwest.

Chicago Title has brought the instant motion to dismiss, arguing that Minnwest's lawsuit is premature under the following provision of the Loan Policy:

> In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(Compl. Ex. A, Limitation of Liability at 8(b).)

Minnwest has brought the instant motion for partial summary judgment with respect to Count One of the Complaint.

## II.  STANDARD OF REVIEW

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the Court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

### III.    CONCLUSIONS OF LAW

**A.    Minnwest's Claim for Declaratory Relief is Premature  (Count One)**

The plain language of the Loan Policy, a contract entered into between Minnwest and Chicago Title, requires that Count One of the Complaint be dismissed for lack of ripeness. Chicago Title points to the Limitation of Liability provisions contained within the Loan Policy, specifically provision 8(b):

> In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(Compl. Ex. A, Limitation of Liability at 8(b).)  In *Centrum Fin. Servs., Inc. v. Chicago Title*

*Ins. Co.*, No. 09-3300, 2010 WL 936201, at *3 (D. N.J. March 12, 2010), a case involving the same defendant and a title insurance policy containing an identical limitation of liability provision, the plaintiff's declaratory relief allegation was deemed "not ripe for decision" until the underlying litigation was concluded. *Id.* at *3. In *Centrum*, the plaintiff argued – as Minnwest does here – that it should not have to endure years of litigation. *Id.* This argument must fail, as the *Centrum* court reasoned, because the plain language of provision 8(b) within a valid contract between the parties shows that Minnwest did, in essence, agree to endure years of litigation prior to indemnification. *Id.*

Minnwest does not allege that either the Loan Policy or provision 8(b) is invalid. Further, the parties do not dispute that the Court may look to the provisions of the policy, which is specifically referenced in the Complaint and attached as Exhibit A to the Complaint. Neither party alleges that the mechanics' lien litigation and all appeals therefrom have been concluded.

Minnwest relies upon *Prahm v. Rupp Construction Co.*, 277 N.W.2d 389 (1979) for the proposition that an insured may bring a declaratory judgment action prior to trial on the underlying claim. *Id.* at 391 n. 2. However, *Prahm* is easily distinguishable. In that case, the sole issue on appeal was whether the insurer was obligated to *defend* the suit. *Id.* at 390. Here, the insurer, Chicago Title, has agreed to defend the case and has hired a law firm to do so. Unlike in *Prahm*, the "coverage" issue here is indemnification, not defense. Further, Chicago Title has yet to deny indemnification coverage for Minnwest. In sum, *Prahm* is inapplicable, especially as, unlike in *Prahm*, the plain language of the title policy does not allow for a finding of liability against Chicago Title until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom.

Under the terms of the title policy, the issue of indemnification (and thus Count One of the Complaint) is not ripe for decision because the underlying litigation is ongoing. Count One of the Complaint should be dismissed for lack of ripeness. *See id.*

**B.     Minnwest's Claim for Breach of Contract Fails To State A Claim Upon Which Relief May Be Granted  (Count Two)**

*1.     Breach of Contract for Failure to Indemnify*

As the Court finds that the issue of indemnification is not ripe for decision, Minnwest's claim for breach of contract for failure to indemnify should also be dismissed.

*2.     Breach of Contract for Failure to Defend*

Minnwest's allegations with respect to its claim against Chicago Title for failure to defend consist of no more than bare allegations.  (*See* Compl. ¶¶ 12, 18.)   Further, the Complaint itself states that Chicago Title issued a written reservation of rights, "pursuant to which Chicago Title *agreed* to provide a defense to Minnwest under the Loan Policy for all claims asserted" in the mechanics' lien litigation.  (Compl. ¶ 8 (emphasis added).)   Additionally, Minnwest does not dispute that Chicago Title hired a law firm to defend Minnwest in the mechanics' lien litigation, and further does not dispute that the law firm has indeed defended Minnwest in that litigation.

A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949.  The Court finds that, with respect to the claim of breach of contract for failure to diligently defend, Minnwest's Complaint does not contain enough facts to state a facially plausible claim for relief.

Count Two of the Complaint should be dismissed in its entirety.

### IV. CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss should be granted and the Complaint should be dismissed. As the motion to dismiss should properly be granted, it follows that the Plaintiff's Motion for Partial Summary Judgment should be denied.

### V. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Dismiss [#3] be **GRANTED** and that the Plaintiff's Motion for Partial Summary Judgment [#7] be **DENIED**.

DATED: September 3, 2010            *s/ Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before September 17, 2010, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by September 17, 2010, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.